IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEION NAYLOR,                   *

    Plaintiff,             *

                               Civil No. TJS-23-00730

v.                         *

WASHINGTON METROPOLITAN AREA  *
TRANSIT AUTHORITY,

                           *

    Defendant.

                  *     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Summary Judgment ("Motion") filed by Defendant Washington Metropolitan Area Transit Authority ("WMATA").[1] ECF No. 34. Having considered the submissions of the parties (ECF Nos. 34, 38, & 39), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, WMATA's Motion will be granted.

## I.    INTRODUCTION

### A.  Factual Background

The facts below are construed in the light most favorable to Plaintiff Keion Naylor ("Mr. Naylor"), the nonmoving party. On September 22, 2021, Mr. Naylor was a passenger on a WMATA bus. *See* ECF No. 5 at ¶ 1. The bus was traveling near the intersection of First Street SE and Atlantic Avenue SE in the District of Columbia. *See id.* at ¶ 2; ECF No. 34-3 at ¶ 2. Mr. Naylor was standing on the right side of the bus in front of the rear door. *See* ECF No. 34-4 at ¶ 3; *id.*, Ex. 3, WMATA Video at 16:29:32-16:30:10. The bus made a right turn onto a street with oncoming

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 15.

traffic (on its left) and parked cars (on its right). *See id.* at ¶ 8; *id.*, Ex. 3, WMATA Video at 16:29:38, Camera 1; 16:29:51, Camera 6. To make its turn, the bus slowed to speeds between 0.5 and 5.9 miles per hour. *See id.*, Ex. 3, WMATA Video at 16:29:38-16:29:57 While turning, the right side of the bus scraped against the driver's side of a parked car. *Id.* Ex. 3, WMATA Video at 16:29:51-16:29:59. After making contact with the car, the bus stopped. *See id.*, Ex. 3, WMATA Video at 16:29:58. While the bus made its turn, Mr. Naylor bent down (apparently to pick something up) but otherwise remained standing, unaffected. *Id.* Ex. 3, WMATA Video 16:29:32-16:30:10. Mr. Naylor did not react to the bus scraping against the car other than to turn and look out the window. *Id.* Ex. 3, WMATA Video at 16:29:53-16:29:58.

After the incident, Mr. Naylor sought medical attention. He was placed in a cervical collar at the scene by EMS personnel. ECF No. 38, Statement of Material Facts ¶¶ 10, 12. On the same day, he went to the Howard University Hospital Emergency room complaining of a headache and neck stiffness. *Id.*, Statement of Material Facts ¶¶ 9, 11. He was diagnosed with cervical strain secondary to a motor vehicle or motorbus accident. *Id.*, Statement of Material Facts ¶ 13.

### B.  Procedural History

Mr. Naylor filed his complaint in the Circuit Court for Prince George's County, Maryland on February 13, 2023. ECF No. 5. WMATA timely removed the case to this Court on the basis of original jurisdiction. *See* ECF No. 1; Md. Code, Transp. § 10-204(81) (granting original jurisdiction to the United States District Court for all actions brought by or against WMATA). After the close of discovery, WMATA filed the instant Motion.

### C.  Choice of Law

Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any propriety function, in accordance with the law of the applicable signatory

(including rules on conflict of laws)." Md. Code, Transp. § 10-204(80*); see Robinson v. WMATA*, 774 F.3d 33, 38 (D.C. Cir. 2014). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in the District of Columbia, the substantive law of the District of Columbia governs Mr. Naylor's negligence claim.

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such

facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

At summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott*, 550 U.S. at 380 (citing Fed. Rule Civ. Proc. 56(c)). When evidence differs substantially from the plaintiff's version of events, "so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. This standard is met "when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury." *Johnson v. Washington Metro. Area Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989). Video evidence that clearly demonstrates the falsity of a plaintiff's statement meets this standard. *Hall v. Washington Metro. Area Transit Auth.*, 33 F. Supp. 3d 630, 632 (D. Md. 2014); *Stewart v. D.C.*, 290 A.3d 937, 943 (D.C. 2023); *see also Robinson v. Pezzat*, 818 F.3d 1, 10 (D.C. Cir. 2016).

## III.   DISCUSSION

To prevail on a claim of negligence in the District of Columbia, a plaintiff must prove the following elements: "(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016). As a preliminary matter, "the mere happening of an accident does not constitute proof of negligence." *Pazmino v. Washington Metro. Area Transit Auth.*, 638 A.2d 677, 680 (D.C. 1994).

As a common carrier, WMATA owes a duty of reasonable care to its passengers. *McKethean v. Washington Metro. Area Transit Auth.*, 588 A.2d 708, 712 (D.C. 1991); *see also*

*Washington Metro. Area Transit Auth. v. Jeanty*, 718 A.2d 172, 175 (D.C. 1998) (collecting cases analyzing the standard of care for common carriers). This duty is "commensurate with the particular hazards involved, i.e., all the care and caution which a bus driver of reasonable skill, foresight, and prudence could be fairly expected to exercise." *D.C. Transit Sys., Inc. v. Carney*, 254 A.2d 402, 403 (D.C. 1969). Still, WMATA is not an insurer for the safety of its passengers. Rather, "[t]here must be some evidence from which the jury could find or infer that the bus driver was negligent before [the common carrier] can be held liable for [the passenger's] injuries." *Carney*, 254 A.2d at 403 (citing *D.C. Transit System, Inc. v. Smith,* 173 A.2d 216 (1961)). The parties agree that WMATA is a common carrier and thus had a duty of reasonable care to Mr. Naylor as a passenger on the bus. ECF Nos. 34 at 4; 38 at 5.

Having established that WMATA owed a duty to Mr. Naylor, the Court next considers whether Mr. Naylor can prove WMATA breached its duty and that the breach caused his injuries. *See Wilson v. Washington Metro. Area Transit Auth.*, 912 A.2d 1186, 1189 (D.C. 2006). In order to meet this burden, Mr. Naylor must present "evidence sufficient to persuade a reasonable jury by a preponderance of the evidence that WMATA's breach of a duty had a substantial and direct causal link to [his] injury." *Id.* (internal quotations omitted). "An actor's conduct proximately causes harm if 'his conduct is a substantial factor in bringing about the harm.'" *Briscoe v. United States*, 268 F. Supp. 3d 1, 16 (D.D.C. 2017) (quoting *District of Columbia v. Carlson*, 793 A.2d 1285, 1288 (D.C. 2002)). If a plaintiff does not prove that he was injured and that the injury was proximately caused by the defendant, his negligence claim must fail. *Vantage Commodities Fin. Servs. I, LLC v. Willis Ltd.*, 531 F. Supp. 3d 153, 177 (D.D.C. 2021) ("[W]ithout a legally-recognizable injury, a negligence claim must fail.").

Even assuming that Mr. Naylor can establish that he was injured, *see* ECF No. 38, Statement of Material Facts ¶ 8, no reasonable jury could find that his injury was caused by WMATA or that WMATA breached any duty it owed to him. In support of its Motion, WMATA relies on a video recording which captures in real time the incident. ECF No. 34-6. The video features multiple camera views of the interior and exterior of the bus. It shows Mr. Naylor standing as a passenger on the right side of the bus, near the rear door. The bus makes a legal right turn onto a two-way street. While turning, the bus travels at speeds between 0.5 and 5.9 miles per hour. During the turn, the bus scrapes against a parked car. Mr. Naylor does not move or react to the incident, other than to glance over his shoulder out the window. Mr. Naylor remained standing during and immediately after the incident. Contrary to Mr. Naylor's sworn interrogatory answer, he was not "thrown about from the collision," *see* ECF No. 34-4 at 7. Indeed, like the other passengers on the bus, Mr. Naylor did not move at all in response to the bus scraping the parked car. The video is not open to more than one interpretation, which is the bus made a legal turn at an extremely slow rate of speed and scraped against a parked car. This event had no physical effect on Mr. Naylor. No reasonable jury could find that Mr. Naylor was injured by the bus brushing against the parked car and, moreover, that WMATA caused the injuries he claims in his Complaint.

Perhaps because he cannot contest what the video evidence clearly and unequivocally shows, Mr. Naylor argues that the video is "not evidence" and is "outside the record." ECF No. 38 at 3. Mr. Naylor is incorrect. The Court may properly consider the video under Rule 56(c), because, in part, WMATA has submitted a declaration that would support the video's admissibility into evidence as a business record. *See* ECF No. 34-7. The video is relevant to Mr. Naylor's claims. At bottom, no reasonable jury could conclude that Mr. Naylor was injured when the bus scraped against the parked car as he claimed in his Complaint. WMATA is entitled to summary judgment.

## IV.    CONCLUSION

For these reasons, WMATA's Motion for Summary Judgment (ECF No. 34) is

**GRANTED**. An accompanying Order follows.


April 22, 2024                                                        /s/
Date                                              Timothy J. Sullivan
                                                  Chief United States Magistrate Judge